Kyle R. Canavera, Bar No. 314664
KCanavera@perkinscoie.com
Wei Yuan, Bar No. 315388
WYuan@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOT TECHNOLOGY (USA) CO. LTD., DEEPWATER INNOVATION TECHNOLOGY (HONG KONG) LIMITED, and XINGMAI INNOVATION TECHNOLOGY (SUZHOU) CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ZODIAC POOL SYSTEMS LLC<br><br>Defendant. | Case No. **'25CV1946 GPC JLB**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Beatbot Technology (USA) Co. Ltd., Deepwater Innovation Technology (Hong Kong) Limited (f/k/a Xingmai Innovation Technology (Hong Kong) Limited), and Xingmai Innovation Technology (Suzhou) Co., Ltd. (collectively, "Beatbot") seeks a declaration that Beatbot does not directly or indirectly infringe United States Patent Nos. 11,880,207 ("the '207 Patent"); 11,262,766 ("the '766 Patent"); and 11,003,191 ("the '191 Patent") (collectively, the "Patents-in-Suit"), either literally or under the doctrine of equivalents, and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code. Beatbot seeks this relief because Defendant Zodiac Pool Systems LLC ("Zodiac") has accused Beatbot of infringing the Patents-in-Suit.

2. An immediate, real, and justiciable controversy exists between Beatbot and Zodiac as to whether the Patents-in-Suit have been infringed by Beatbot.

3. Beatbot is a manufacturer and seller of robotic pool cleaners, such as Beatbot AquaSense 2 Ultra Robotic Pool Cleaner ("Beatbot Products").

4. Zodiac through its prior actions and statements has created a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement as to whether the Beatbot Products infringe the Patents-In-Suit, which are attached hereto as Exhibits 1–3.

5. Specifically, by a letter dated July 17, 2025, attached hereto as Exhibit 4, Zodiac, through its counsel, expressly accused Beatbot's Beatbot Aquasense 2 Ultra Robotic Pool Cleaner of infringing the Patents-in-Suit. In this letter, Zodiac demanded that Beatbot immediately cease all allegedly infringing conduct and threatened to "enforce its intellectual property rights" if its demands were not met within ten business days, creating a substantial, immediate, and real controversy between the parties. This action is necessary to resolve the controversy created by

Zodiac's accusations and threats. Beatbot brings this action to obtain a declaratory judgment that Beatbot does not infringe at least the claims of the Patents-in-Suit identified below, directly or indirectly, literally or under the doctrine of equivalents.

## THE PARTIES

6. Beatbot Technology (USA) Co. Ltd. is a Texas company having an address at 7307 Peek Rd., Richmond, Texas, 77407.

7. Deepwater Innovation Technology (Hong Kong) Limited (f/k/a Xingmai Innovation Technology (Hong Kong) Limited) is a company organized and existing under the laws of Hong Kong having an address at Flat/Room 185 G/F, Hang Wai Ind Centre, No. 6 Kin Tai St, Tuen Mun Nt, Hong Kong.

8. Xingmai Innovation Technology (Suzhou) Co., Ltd. is a company organized and existing under the laws of China having an address at 12 F, Bldg. 5, Tianyun Plaza, No.111, Wusongjiang Ave., Guoxiang St., Wuzhong District, Suzhou, 215124, Jiangsu, China.

9. On information and belief, Zodiac is a Delaware limited liability company with its principal place of business at 2882 Whiptail Loop # 100, Carlsbad, California, 92010.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action pursuant the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq. Jurisdiction is also proper because Beatbot and Zodiac are citizens of different states and the value of the controversy exceeds $75,000.

11. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(b), because a substantial part of the events at issue in this action is whether Beatbot commits acts of infringement in this and other districts in the United States,

and because Zodiac is subject to the Court's personal jurisdiction and thus resides in this District, pursuant to § 1391(c).

12. The Court's exercise of jurisdiction over Zodiac will not offend traditional notions of fair play and substantial justice.

13. An actual controversy exists between Beatbot and Zodiac because, as described in the Nature of the Action above, Zodiac through its statements has created a substantial controversy as to whether the Beatbot Products infringe the Patents-in-Suit that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to the controversy.

## THE PATENTS-IN-SUIT

14. On May 11, 2021, the U.S. Patent and Trademark Office issued U.S. Patent No. 11,003,191 ("the '191 Patent"), titled "Pool Cleaning System and Method to Automatically Clean Surfaces of a Pool Using Images from a Camera" to assignee Zodiac Pool Systems LLC. A true and correct copy of the '191 Patent is attached to this Complaint as Exhibit 1. Upon further information and belief, Zodiac Pool Systems LLC purports to hold by assignment and/or by license all substantive rights to assert the '191 Patent.

15. On March 1, 2022, the U.S. Patent and Trademark Office issued U.S. Patent No. 11,262,766 ("the '766 Patent"), titled "Pool Cleaning System and Method to Automatically Clean Surfaces of a Pool Using Images from a Camera" to assignee Zodiac Pool Systems LLC. A true and correct copy of the '766 Patent is attached to this Complaint as Exhibit 2. Upon further information and belief, Zodiac Pool Systems LLC purports to hold by assignment and/or by license all substantive rights to assert the '766 Patent.

16. On January 23, 2024, the U.S. Patent and Trademark Office issued U.S. Patent No. 11,880,207 ("the '207 Patent"), titled "Pool Cleaning System and Method to Automatically Clean Surfaces of a Pool Using Images from a Camera" to assignee Zodiac Pool Systems LLC. A true and correct copy of the '207 Patent

is attached to this Complaint as Exhibit 3.  Upon further information and belief, Zodiac Pool Systems LLC purports to hold by assignment and/or by license all substantive rights to assert the '207 Patent.

## COUNT ONE

## Non-Infringement of U.S. Patent No. 11,003,191

17. Beatbot incorporates by reference the preceding allegations of this Complaint.

18. Beatbot has not infringed and does not infringe at least claim 1 of the '191 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale or offer for sale in, or importation into the United States of the Beatbot Products.

19. The Beatbot Products also do not perform substantially the same function, in substantially the way, to obtain substantially the same result as claim 1 of the '191 Patent.

20. By way of example, claim 1 of the '191 Patent is directed to self-propelled pool cleaner for cleaning debris from a submerged surface of a swimming pool.  *See* Exhibit 1, Claim 1, at 10:50–65.  Claim 1 recites numerous limitations, including: "at least one camera positioned on or in the body for capturing an image of at least a first portion of the submerged surface" and "a controller (i) positioned on or in the body, (ii) in electronic communication with the at least one camera, and (iii) configured to generate, in response to the captured image, at least one control signal to cause movement of the body within the swimming pool to, or away from, the first portion of the submerged surface."  *Id.*  The Beatbot Products do not infringe claim 1, at least because they do not practice these claim limitations.  For example, the Beatbot Products do not include "at least one camera positioned on or in the body for capturing an image of at least a first portion of the submerged surface" or "a controller (i) positioned on or in the body, (ii) in electronic communication with the at least one camera, and (iii) configured to generate, in

response to the captured image, at least one control signal to cause movement of the body within the swimming pool to, or away from, the first portion of the submerged surface" as recited in claim 1.

21. Accordingly, at least for the above reasons, Beatbot does not directly infringe at least claim 1 of the '191 Patent, either literally or under the doctrine of equivalents, because the Beatbot Products do not practice all elements of that claim.

22. Beatbot also does not indirectly infringe the '191 Patent for at least the reasons stated above and because there is no direct infringement of the '191 Patent, either literally or under the doctrine of equivalents.

23. As set forth above, an actual controversy exists between Beatbot and Zodiac with respect to alleged infringement of the '191 Patent, and this controversy is likely to continue. Accordingly, Beatbot desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '191 Patent.

24. A judicial declaration is necessary and appropriate so that Beatbot may ascertain its rights regarding the claims of the '191 Patent.

## COUNT TWO
## Non-Infringement of U.S. Patent No. 11,262,766

25. Beatbot incorporates by reference the preceding allegations of this Complaint.

26. Beatbot has not infringed and does not infringe at least claim 1 of the '766 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale or offer for sale in, or importation into the United States of the Beatbot Products.

27. The Beatbot Products also do not perform substantially the same function, in substantially the way, to obtain substantially the same result as claim 1 of the '766 Patent.

28.     By way of example, claim 1 of the '766 Patent is directed to a self-propelled pool cleaner for cleaning debris from a submerged surface of a swimming pool.  *See* Exhibit 2, claim 1, at 10:47–62.  Claim 1 recites numerous limitations, including: "at least one camera mounted directly or indirectly to the body for capturing an image of at least a first portion of the submerged surface" and "a controller (i) positioned on or in the body, (ii) in electronic communication with the at least one camera, and (iii) configured to generate, in response to the captured image, at least one control signal to cause movement of the body within the swimming pool to, or away from, the first portion of the submerged surface." *Id.* The Beatbot Products do not infringe claim 1, at least because they do not practice these claim limitations.  For example, the Beatbot Products do not include "at least one camera mounted directly or indirectly to the body for capturing an image of at least a first portion of the submerged surface" or "a controller (i) positioned on or in the body, (ii) in electronic communication with the at least one camera, and (iii) configured to generate, in response to the captured image, at least one control signal to cause movement of the body within the swimming pool to, or away from, the first portion of the submerged surface," as required in claim 1.  Beatbot also does not infringe the other claims of the '766 Patent.

29.     Accordingly, at least for the above reasons, Beatbot does not directly infringe the claims of the '766 Patent, either literally or under the doctrine of equivalents, because the Beatbot Products do not practice all elements of those claims.

30.     Beatbot also does not indirectly infringe the '766 Patent for at least the reasons stated above and because there is no direct infringement of the '766 Patent, either literally or under the doctrine of equivalents.

31.     As set forth above, an actual controversy exists between Beatbot and Zodiac with respect to alleged infringement of the '766 Patent, and this controversy is likely to continue.  Accordingly, Beatbot desires a judicial determination and

1  declaration of the respective rights and duties of the parties with respect to the '766
2  Patent.

3    32.    A judicial declaration is necessary and appropriate so that Beatbot may
4  ascertain its rights regarding the claims of the '766 Patent.

## COUNT THREE

### Non-Infringement of U.S. Patent No. 11,880,207

33.    Beatbot incorporates by reference the preceding allegations of this Complaint.

34.    Beatbot has not infringed and does not infringe at least claim 1 of the '207 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale or offer for sale in, or importation into the United States of the Beatbot Products.

35.    The Beatbot Products also do not perform substantially the same function, in substantially the way, to obtain substantially the same result as claim 1 of the '207 Patent.

36.    By way of example, claim 1 of the '207 Patent is directed to a self-propelled pool cleaning system for cleaning debris from a submerged surface of a swimming pool.  *See* Exhibit 3, claim 1, at 10:50–64.  Claim 1 recites numerous limitations, including: "at least one camera for capturing an image of at least a first object within the swimming pool" and "a controller (i) in electronic communication with the at least one camera and (ii) configured to generate, in response to the captured image, at least one control signal to cause movement of the body within the swimming pool to, or away from, the first object."  *Id.*  The Beatbot Products do not infringe claim 1, at least because they do not practice these claim limitations. For example, the Beatbot Products do not include "at least one camera for capturing an image of at least a first object within the swimming pool" or "a controller (i) in electronic communication with the at least one camera and (ii) configured to generate, in response to the captured image, at least one control signal to cause

movement of the body within the swimming pool to, or away from, the first object" as required in claim 1. Beatbot also does not infringe the other claims of the '207 Patent.

37. Accordingly, at least for the above reasons, Beatbot does not directly infringe the claims of the '207 Patent, either literally or under the doctrine of equivalents, because the Beatbot Products do not practice all elements of those claims.

38. Beatbot also does not indirectly infringe the '207 Patent for at least the reasons stated above and because there is no direct infringement of the '207 Patent, either literally or under the doctrine of equivalents.

39. As set forth above, an actual controversy exists between Beatbot and Zodiac with respect to alleged infringement of the '207 Patent, and this controversy is likely to continue. Accordingly, Beatbot desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '207 Patent.

40. A judicial declaration is necessary and appropriate so that Beatbot may ascertain its rights regarding the claims of the '207 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Beatbot respectfully prays for entry of judgment in its favor and against Zodiac as follows:

A.  For judgment that Beatbot has not infringed and does not infringe at least the identified claims of the Patents-in-Suit, directly or indirectly, literally or under the doctrine of equivalents, by the making, using, selling, offering to sell, and/or importing of the Beatbot Products;

B.  For a preliminary and permanent injunction precluding Zodiac, its officers, directors, employees, agents, and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the Patents-in-Suit against Beatbot;

  C. For costs and reasonable attorneys' fees incurred in connection with this and related actions;

  D. For a finding that this case is exceptional; and

  E. Awarding any other remedy or relief to which Beatbot may be entitled and which is deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Beatbot hereby demands a jury trial on all issues so triable.

| | | |
|---|---|---|
| 1 | DATED: July 31, 2025 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: *Kyle R. Canavera* |
| 4 | | Kyle R. Canavera, Bar No. 314664<br>KCanavera@perkinscoie.com |
| 5 | | Wei Yuan, Bar No. 315388<br>WYuan@perkinscoie.com |
| 6 | | Attorneys for Plaintiffs |
| 7 | | *Beatbot Technology (USA) Co. Ltd., Deepwater Innovation Technology (Hong Kong) Limited,* and *Xingmai* |
| 8 | | *Innovation Technology (Suzhou) Co., Ltd.* |