# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATBOT TECHNOLOGY (USA) CO., LTD.; DEEPWATER INNOVATION TECHNOLOGY (HONG KONG) LIMITED; XINGMAI INNOVATION TECHNOLOGY (SUZHOU) CO., LTD., | Case No. 3:25-cv-01946-GPC-JLB **ORDER:** • **GRANTING PLAINTIFFS' MOTION TO STAY** • **DENYING PLAINTIFFS' MOTION TO DISMISS** |
| Plaintiffs, | **[ECF No. 27, 32]** |
| v. | |
| ZODIAC POOL SYSTEMS LLC | |
| Defendant. | |

Before the Court is Plaintiffs Beatbot Technology (USA) Co. Ltd, Deepwater Innovation Technology (Hong Kong) Limited, and Xingmai Innovation Technology (Suzhou) Co., Ltd. (collectively, "Plaintiffs")'s motion to stay pending the resolution of *inter partes* review proceedings. ECF No. 27-1 ("Mot."). Defendant has filed an opposition. ECF No. 30-1 ("Opp."). Plaintiffs have filed a reply. ECF No. 34 ("Rep."). Also before the court is Plaintiff's motion to dismiss. ECF No. 32. The Court finds the matters suitable for decision on the papers.

Having reviewed the moving papers and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to stay and **DENIES**

1

without prejudice Plaintiffs' motion to dismiss.

**BACKGROUND**

## I.   *Inter Partes* Review

The Leahy-Smith America Invents Act ("the AIA") "replaced the former *inter partes* reexamination proceeding with an *inter partes* review process." *Personal Web Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1024 (N.D. Cal. 2014). Inter parties review ("IPR") allows any person other than the patent owner to file a petition to institute IPR in order to establish that the identified claims are invalid under 35 U.S.C. §§ 102 or 103. 35 U.S.C. §§ 311(a)-(b). A petitioner may request to cancel as unpatentable one or more claims of a patent and must rely "only on ... prior art consisting of patents or printed publications." *Id*.

The PTO must decide whether to institute IPR within three months of the patent owner's preliminary response, or in the event no response is filed, by the last date on which the response could have been filed. 35 U.S.C. § 314(b). The Director may institute IPR only when the Director determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). "[I]f an IPR is instituted, the PTAB 'must address every claim the petitioner has challenged.'" *Wi-LAN Inc. v. LG Elecs., Inc.*, 421 F. Supp. 3d 911, 923 (S.D. Cal. 2019*) (citing *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 357 (2018)). If the PTO grants a request for IPR, the PTAB must issue a final determination "not later than 1 year" after the petition is granted, but the one-year period may be extended by 6 months based on a showing of good cause. 35 U.S.C. § 316(a)(11).

## II.   Instant Motions

On July 17, 2025, Defendant sent a letter to Plaintiffs, accusing Plaintiffs of infringing U.S. Patent Nos. 11,888,207 ("the '207 Patent"), 11,262,766 ("the '766 Patent"), and 11,003,191 ("the '191 Patent") with their products. ECF No. 1

2

("Compl.") ¶ 5, Ex. 4; Mot. at 6.[1] This included Plaintiffs' Beatbot Aquasense 2 Ultra Robotic Pool Cleaner. *Id*. The letter demanded that Plaintiffs immediately cease all infringing conduct. *Id*.

On July 31, 2025, Plaintiffs filed their complaint, seeking a declaratory judgment that their products do not infringe upon the three identified patents. Compl. at 9. On September 22, 2025, Defendant filed an answer and counterclaims. ECF No. 10. Plaintiffs provided an answer to the counterclaims on October 14, 2025. ECF No. 15.

On November 19, 2025, a Case Management Order was issued. ECF No. 18. Pursuant to the schedule, the parties have exchanged infringement and invalidity contentions and have begun exchanging construction materials. *Id*.; Opp. at 6; Rep. at 7. No depositions have been taken, and both fact discovery and expert discovery remain open until October 5, 2026 and December 28, 2026 respectively. Mot. at 7.

On January 26, 2026, Plaintiffs filed three petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB"). *Id*. The petitions challenge all Defendant's asserted claims of the '207, '776, and '191 patents *Id*. Defendant's briefing on whether the PTAB should decline the petitions on discretionary grounds is due March 30, 2026, and its Preliminary Patent Owner Response is due April 28, 2026. Opp. at 6. The PTAB will then decide the discretionary denial issue by May 28, 2026, and if the decision does not result in a denial, the PTAB will issue an institution decision by July 2026. *Id*.; Mot. at 8. For petitions that are instituted, the PTAB's Final Written Decision would be issued by July 2027. Mot. at 8.

Plaintiffs have also noted that the three patents at issue are subject to other litigation and invalidity proceedings. *Id*. Specifically, on September 22, 2025, Defendant filed a complaint in the Eastern District of Texas against Wybotics, Co.

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

25-cv-1946-GPC-JLB

Ltd. *Id*. On November, 25, 2025, Wybotics filed three IPR petitions with the PTAB. *Id*. The PTAB is expected to decide whether to institute those IPRs by early June 2026. *Id*. at 9. Wybotics has not filed a motion to stay. Opp. at 7.

On January 28, 2026, Plaintiffs filed the instant motion to stay pending the resolution of the IPR proceedings. ECF No. 27. On February 25, 2026, Defendant filed its opposition. ECF No. 30. At that time, Plaintiff had not filed a *Sotera* stipulation in support of its IPR petitions. *Id*. at 6.

On February 27, 2026, Plaintiffs filed *Sotera*-plus stipulations in all three of its IPRs. Rep. at 6. Under these stipulations, Plaintiffs "expressly agreed that, upon institution of the IPRs, it will not advance any of the following against the challenged claims in this Court: (i) the specific grounds raised in the IPRs; (ii) any other grounds that could have reasonably been raised before the PTAB (i.e., any 35 U.S.C. §§ 102 or 103 grounds based on prior art patents or printed publications); or (iii) any ground based on a combination of system prior art and the prior art patents or printed publications described in (i) or (ii)." *Id*. On March 6, 2026, Plaintiffs filed a motion to dismiss. ECF No. 32. On March 11, 2026, Plaintiffs filed their reply. ECF No. 34.

## LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). Courts consider three factors in determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013) (quotations omitted); *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 955-56 (N.D. Cal. 2019). However, courts are not

25-cv-1946-GPC-JLB

limited to these three factors and can consider the totality of the circumstances. *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, (S.D. Cal. Feb. 1, 2021). The moving party bears the burden of demonstrating that a stay is appropriate. *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015).

Courts have recognized a liberal policy in favor of granting motions to stay proceedings pending the outcome of an IPR or a PTO re-examination, "especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. 09-CV-0843-AG(MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010) (quotations omitted); *Masimo*, 2021 WL 321481, at *2; *Zomm*, 391 F. Supp. 3d at 956. However, stay requests are evaluated on a case-by-case basis and are always within the court's discretion. *Id*.

## DISCUSSION

### I.    Motion to Stay

#### a.  Stage of Litigation

The first factor examines how significantly the litigation has progressed. If the case is at an early stage of litigation, this factor weighs in favor of a stay. *See Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021 WL 857005, at *3 (S.D. Cal. Mar. 8, 2021). In making this determination, courts have considered (1) "whether parties have engaged in costly expert discovery and dispositive motion practice," (2) "whether the court has issued its claim construction order," and (3) "whether the court has set a trial date." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025-26 (N.D. Cal. 2014). "[T]he concern is not so much how much discovery has already occurred as 'whether discovery is nearing completion.'" *Omnitracs*, 2021 WL 857005, at *3 (citations omitted).

Plaintiffs argue that the case is still at a preliminary stage of litigation and point to several cases where stays have been granted despite being at an advanced

stage of discovery. Mot. at 10-11. Defendant maintains that it has already invested substantial resources into discovery, that "[d]iscovery is well-underway," and that Plaintiffs filed the petitions for IPR too late after the complaint's filing. Opp. at 6, 9.

The Court agrees with Plaintiffs: the case is still at an early stage of litigation. Though the parties have exchanged infringement and invalidity contentions and have also begun to exchange construction materials, Opp. at 6., significant work in discovery remains to be done. The parties have not yet submitted claim construction briefs; no substantive motions have been filed; and no trial date has been set. This indicates a relatively early stage of litigation, which weighs in favor of a stay. *See Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) ("Nevertheless, although some milestones have passed in this case, the Court finds that 'significant work remains to be done,' given that '[n]o expert discovery has been conducted, no substantive motions have been filed, and no trial date has been set.'"); *Tierravision, Inc. v. Google, Inc.,* No. 11-CV-2170-DMS(BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012) (finding in favor of stay where there was still much more work left in the case such as claim construction briefing and summary judgment motions).

Additionally, courts have found in favor of a stay despite discovery being at a more advanced stage. *See, e.g., PersonalWeb*, 69 F. Supp. 3d at 1026-27 (finding in favor of a stay where significant discover had been done, including 100 requests for production, 500,000 pages produced, 50 interrogatories, and a dozen depositions); *SCA Hygiene Prod. Aktiebolag ("AB") v. Tarzana Enterprises, LLC*, No. CV 17-04395 AB (JPRx), 2017 WL 5952166, at *4 (C.D. Cal. Sept. 27, 2017) ("Although both parties have likely already spent significant time on their claim construction briefs, 'further resources are yet to be expended by the parties and the Court in preparing for and conducting the hearing.'"); *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12–CV–06441–JST, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015) ("The Court concludes that, although the complaint was first filed two years ago and four

25-cv-1946-GPC-JLB

of the claims already have been construed, the case is not so far along as to weigh against a stay. Discovery has not significantly advanced and a trial date has not yet been set.").

Finally, while the Plaintiffs filed the petitions for IPR six months after the case was initiated, Plaintiffs did not know which claims were being asserted against them until Defendant served its preliminary infringement contentions on December 9, 2025. Mot. at 14; Rep. at 8. Given that the petitions were filed six weeks after receiving those contentions, Plaintiffs' "delay in filing petitions for IPR is not as great as [Defendant] suggests." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. 14-CV-01153-VAP, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015)

In sum, there is still more work ahead of the parties than behind them. Thus, the Court concludes that, at this stage of the litigation, a stay would not be improper.

### b. Simplification of Issues

The second factor considers whether a stay will simplify the issues in the case. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US] PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q.2d 2022, 2023 (1995). This is particularly true where a party requests reexamination of each of the asserted claims in the patents in suit. *Evolutionary Intelligence, LLC v. Facebook, Inc.,* Nos. 13-CV-4202 SI, 13-CV-4204 SI, 2014 WL 261837, at *2 (N.D. Cal. Jan.23, 2014) (*citing Universal Elecs., Inc. v. Universal Remote Control, Inc.,* 943 F.Supp.2d 1029, 1032 (C.D.Cal.2013)); *Pragmatus AV, LLC v. Facebook, Inc.,* No. 11-CV-00494–EJD, 2011 WL 4635512, at *3 (N.D. Cal. Oct.11, 2011); *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL 321481, at *3 (S.D. Cal. Feb. 1, 2021). Even if all the asserted claims survive *inter partes* review, the case could be simplified because the petitioning party would be bound by the estoppel provisions for *inter partes* review and could not raise any arguments it

25-cv-1946-GPC-JLB

raised or reasonably could have raised at the PTO in its petition. *See Evolutionary Intelligence, LLC,* 2014 WL 261837, at *2 (citing 35 U.S.C. § 315(e)(2).) On the flip side, even if the PTO affirms the claims, the PTO's decision "is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." *Id.* Finally, if the US PTO rejects the *inter partes* request, the stay will be short. *See Semiconductor Energy Lab. Co., Ltd.,* 2012 WL 7170593 at *3.

Here, Plaintiffs have filed the IPR petitions challenging all asserted claims of the '207, '766, and '191 Patents. By seeking review on all claims, whatever the PTAB's decision, the case will be simplified for this Court. If the petitions for review are granted, there is a good chance that review will simplify the case by rendering some or all of the claims for infringement moot. *See* 35 U.S.C. § 314(a) (IPR instituted only if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."). If the PTO grants the petitions and ultimately cancels all asserted claims, the case would be over. If the PTO grants the petitions but confirms all or some of the claims, estoppel will eliminate the invalidity arguments raised or could have been raised in the *inter partes* petitions, and the Court would have the benefit of the PTO's decision. Lastly, if the PTO denies the petitions for review, the stay will be relatively short, at only around three months.

Therefore, the Court concludes that this factor favors a stay.

### c.  Undue Prejudice

The last factor for the Court's consideration is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs.*, 943 F. Supp. 2d at 1033. "Delay in litigation by itself does not establish undue prejudice." *Carl Zeiss v. Nikon Corp.*, No. 2:17-cv-07083-RGK-MRW, 2018 WL 5081479, at *3 (C.D. Cal. Oct. 16, 2018). However, courts will consider "evidence of dilatory motives or tactics," including "seeking reexamination on the

25-cv-1946-GPC-JLB

eve of trial or after protracted discovery." *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) (internal citations and quotation marks omitted).

To make this determination, courts have considered several factors, including: (1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties. *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 317CV00358BENMDD, 2018 WL 2392161, at *2 (S.D. Cal. May 22, 2018); *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021 WL 857005, at *4 (S.D. Cal. Mar. 8, 2021); *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL 321481, at *4 (S.D. Cal. Feb. 1, 2021).

### i.  Timing of Requests for Reexamination and Stay

A stay pending IPR proceedings can cause a substantial delay in court proceedings. *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 957 (N.D. Cal. 2019). "Because of the delay that may accrue by virtue of the PTO instituting an IPR trial on a patent-in-suit, this Court expects defendants to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013). "Provided an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have been asserted in an action does not unduly prejudice the patent owner." *Asetek*, 2014 WL 1350813, at *5.

Here, Plaintiffs filed their complaint on July 31, 2025. ECF No. 1. Plaintiffs, then, filed their three petitions for IPR on January 26, 2026, around six months later. Mot. at 7. While Defendant finds issue with this delay given Plaintiffs were the ones to file the complaint, the IPRs were filed well within that one-year statutory limit set by 35 U.S.C. § 315(b). 35 U.S.C. § 315(b); *see Masimo*, 2021 WL 321481, at *4

("Because Sotera was statutorily entitled to file its IPR petitions at any point within the one-year limitations period, the Court does not find that its decision to do so at the close of that period demonstrates undue delay."); *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here."). The IPRs were also filed six weeks after receiving the preliminary infringement contentions, which identified Defendant's specific asserted claims. Mot. at 14. Finally, Plaintiffs filed the instant motion for stay on January 28, 2026, merely two days after filing the three IPR petitions. ECF No. 27.

Defendant, however, maintains that the IPR petitions and the motion for stay are tactical gamesmanship, seeking to "win the race to the courthouse." Opp. at 8. Specifically, Defendant contends that Plaintiffs "brought this action based on allegations of an immediate need for declaratory relief" in their chosen forum. *Id*. However, the choice of forum and why a complaint was brought are not relevant considerations here. Plaintiffs are exercising the rights statutorily available to them, and "parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework.'" *KLA–Tencor Corp. v. Nanometrics, Inc.,* No. 05–cv–03116–JSW, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) (quoting *Pegasus Dev. Corp. v. DirecTV, Inc.,* 2003 WL 21105073, at *2 (D. Del. May 14, 2003)).

Accordingly, the Court concludes that this subfactor does not reflect any undue prejudice.

### ii. Status of Reexamination Proceedings

When PTO has not yet decided whether to grant IPR, this sub-factor weighs against issuing a stay. *See TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 6021324, at *5 (N.D. Cal. Nov. 13, 2013); *SAGE*

25-cv-1946-GPC-JLB

*Electrochromics, Inc. v. View, Inc.*, No. 12–CV–06441–JST, 2015 WL 66415, at *4 (N.D. Cal. Jan. 5, 2015). Here, PTAB has until July 2026 to act on the petition. Mot. at 8. Thus, this sub-factor weighs against granting a stay at this time.

### iii.   Relationship of the Parties

"Courts recognize that, when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise." *Asetek Holdings, Inc v. Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014). This is "because of the risk that Plaintiff may suffer harm 'that is not compensable by readily calculable money damages.'" *TPK Touch Solutions*, 2013 WL 6021324, at *6 (quoting *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. Iptronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011)).

However, evidence of other competitors in the market can limit the danger of loss of market share. *See Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL 321481, at *6 (S.D. Cal. Feb. 1, 2021); *Inogen, Inc. v. Inova Labs, Inc.*, No. SACV 11-1692-JST ANX, 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012) (finding undue prejudice was unlikely where the defendant provided evidence that the market had ten participants, "diluting the direct effect of [the defendant's] sales on [the plaintiff's] market share"). Similarly, if the allegedly harmed party does not seek a preliminary injunction, that too "undermines their position that monetary relief is inadequate to compensate for any harm incurred as a result of the stay." *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021 WL 857005, at *6 (S.D. Cal. Mar. 8, 2021); *see UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. CV 19-1201-RSWL-KSX, 2021 WL 663128, at *4 (C.D. Cal. Feb. 19, 2021) ("Plaintiff's failure to seek a preliminary injunction belies its claims of undue prejudice in the marketplace."); *Blast Motion v. Zepp Labs*, 2016 WL 5107678, at *5 (S.D. Cal. 2016) ("[T]he Court does find that Plaintiff's failure to pursue a preliminary injunction undermines its position that monetary damages are

25-cv-1946-GPC-JLB

insufficient.").

Here, Plaintiffs have acknowledged that Defendant is a direct competitor. Mot. at 15; Opp. at 9. Defendant has also not sought a preliminary injunction in this case. Mot. at 15. Finally, Plaintiffs have not provided evidence of other competitors in the market. Given that Defendant has not sought a preliminary injunction despite being a direct competitor, this sub-factor weighs slightly in favor of a stay.

### d. Conclusion

Given that all three factors weigh in favor of a stay, the Court GRANTS the motion to stay.

## II. Timing of Stay

Defendants argue that the Court should delay any stay decision until after an institution decision has been rendered by the PTAB. Opp. at 12.

While some courts within this district have denied motions to stay before the PTAB has instituted IPR review, *see, e.g., International Test Solutions, Inc. v. Mipox Int'l Corp.*, No. 16-cv-00791-RS, 2017 WL 1316549, at *2 (N.D. Cal. Apr. 10, 2017), it "is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) (internal quotation marks omitted); *see also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015) ("Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision."); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2018 WL 6972999, at *2 (N.D. Cal. Jan. 29, 2018).

If a stay is delayed until a PTAB decision is made, the parties may potentially expend resources on issues that might eventually be mooted. Given that the PTAB's decision on institution would be clear by July 2026, the Court finds a delay to the stay to be unnecessary.

25-cv-1946-GPC-JLB

### III.     Motion to Dismiss

Beyond the motion to stay, also presently before the Court is Plaintiffs' Motion to Dismiss. ECF No. 32. As part of the motion, Plaintiffs argue that the claims for all three asserted patents are directed to an abstract idea, lack an inventive concept, and thus should be found ineligible for patenting under 35 U.S.C. § 101. *Id.* The Court acknowledges that the posture of the case may change depending on the PTAB's decisions of whether to institute IPRs. Additionally, if IPRs are instituted, the decision of the PTAB could simplify the issues presently before the Court in Plaintiffs' Motion to Dismiss.

Accordingly, in the interest of judicial economy, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Dismiss. Plaintiff is granted leave to refile this motion, to the extent it is still relevant, when the stay is lifted.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for a stay pending the resolution of *inter partes* review proceedings and **DENIES** without prejudice Plaintiffs' Motion to Dismiss. The Court VACATES the hearing set on April 3, 2026 and May 22, 2026. The Parties are to jointly notify the Court within two business days of the resolution of the *inter partes* review proceedings.

**IT IS SO ORDERED.**

Dated:  March 30, 2026

Hon. Gonzalo P. Curiel
United States District Judge

25-cv-1946-GPC-JLB